UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**DENNIS ELLIS**

*Plaintiff*

Vs,

**COHEN & SLAMOWITZ  LLP**

*Defendant*

**COMPLAINT**

JURY TRIAL DEMANDED

Albany County        }

New York State       } ss:

DENNIS ELLIS, the plaintiff, by his attorney Anthony J. Pietrafesa, Esq., complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act 15 USC §1692 *et seq*, (FDCPA) and New York State General Business Law §349.

### JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331.  The Court has supplemental jurisdiction per 28 USC §1367 to hear and adjudicate plaintiff's state law claims.

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because defendant transacts

business in this district and the collection letters and communications complained of were sent to this district.

## PARTIES

4. At all relevant times:

   a. I reside at Rensselaer, Rensselaer County, New York State, within this district,

   b. I am a" consumer" as that term is defined in the FDCPA, in that I am an individual who allegedly owes a debt to Target National Bank; I am a "consumer" as that term is used in the New York State General Business Law 349

5. Upon information and belief, at all relevant times, the defendant Cohen & Slamowitz LLP ( C&S):

   a. Is a limited liability partnership organized and existing under the laws of New York State, with a principal place of business at Woodbury, New York.

   b. Is a "debt collector" as that term is defined in the FDCPA;

   c. Transacts business in this district;

    d. Is regularly engaged, for profit, in the collection for others of debt allegedly owed to them by consumers, by use of the mail, telephone, the courts of the State of New York and other means of interstate commerce.

## FACTUAL ALLEGATIONS

6. C&S sent me a letter dated January 12, 2009 demanding I pay it $6370.35 for an alleged debt to Target National Bank. The letter contained the validation notice required by 15 § USC 1692g giving me thirty days to dispute the demand. ("Letter 1" , a copy of which is attached at Exhibit A)

7. The debt, whether or not I owe it, is a "debt" as defined by the FDCPA in that it is, as a credit card account, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

8. Then, by letter dated January 29, 2009, C&S again demanded payment of this debt I allegedly owed Target National Bank. ("Letter 2", a copy of which is attached at Exhibit B).

    a. The header of the letter reads:

        TAX SEASON SPECIAL DISCOUNT
        Creditor: Target National Bank
        Account:  ( *omitted for privacy*)
        C&S File:
        Balance Due As Of January 29, 2009  $6415.35

    b. The first paragraph states in pertinent part:

> "Tax season is here, and hopefully you will be receiving a big refund check. Our firm is pleased to offer you a **savings of 30% off** on the outstanding balance owed on this account. Your balance due is currently $6415.35; however, our client will accept the reduced sum of **$4,490.75** if you pay this amount on or before February 25, 2009.

    c. The third paragraph states in pertinent part:

> "We urge you to take advantage of this special opportunity to settle your account for pennies on the dollar. "

    d. The coupon section states in pertinent part:

> TAX SEASON SPECIAL DISCOUNT
>
> **Due date**:    February 25, 2009
>
> **CURRENT BALANCE**:    $6415.35
> **TAX TIME SAVINGS**:    $1924.61
> **REDUCED BALANCE**:    $4490.75
> (IF PAID BY DUE DATE)

9. Letter 2 does not reiterate or recite my right to seek validation of the debt, which right would naturally expire February 12, 2009.

10. Concurrently, C & S sent me a third letter, also dated January 29, 2009 ("Letter 3").

   a. The first sentence of the letter read: "Our client has authorized us to commence a lawsuit against you. "

   b. Letter 3 does not mention either:

      i. My continuing right to February 12, 2009 to ask for validation of the debt; or
      ii. The "Tax Season Special Discount" that was supposedly open to me until February 25, 2009.

11. C&S did not, as I am informed and believe, have the intention to sue me or the authority from Target National bank to do so.

12. To date, C&S has not commenced a lawsuit against me for Target.

13. C&S, as I am informed and believe, has and does send Letter 1, Letter 2 and Letter 3, in such form and sequence as demonstrated here, to other consumers within this District.

14. C&S's actions, as I am informed and believe, were at all times intentional, knowing, and persistent.

15. Through this sequence of letters I became increasingly annoyed, confused, worried and bothered and hired an attorney to defend me for $500.00

## AS A FIRST CAUSE OF ACTION

*(Violation of the Fair Debt Collection Practices Act via Letter 2)*

16. I repeat the allegations of the preceding paragraphs.

17. C&S , by sending Letter 2, violates the FDCPA because:

    a. Letter 2 offers to settle an alleged debt for less than the creditor says is owed.

        i. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return.

        ii. In other words, the discount Letter 2 offers has tax ramifications to the debtor.

        iii. Letter 2 deceives and seeks to mislead the debtor into accepting the attractive discounted amount without notifying him/her of the tax consequences of accepting the offer, in violation of 15 USC §§ 1692e , 1692e(2), 1692e(10) and 1692f

    b. C&S, seeks to mislead and deceive the debtor into foregoing his or legal rights to seek validation of the debt with a deadline to pay a discounted amount (February 25) that is well after the time in which the debtor has to demand validation ( February 12) thus confusing, obfuscating and overshadowing the legal rights of the debtor to enforce his rights set forth

in Letter 1, in violation of 15 USC § 1692g,  and in violation of  15 USC §§ 1692e ,  1692e(10) and  1692f

## AS A SECOND CAUSE OF ACTION

*(Violation of the Fair Debt Collection Practices Act via Letter 3)*

18. I repeat and reallege the allegations of preceding paragraphs.

19. C&S, by sending Letter 3, seeks to mislead and deceive the consumer into paying demanded sums rather than enforcing his legal right to seek validation of the debt paying an alleged debt rather violates the FDCPA because:

    a. C&S falsely threatened litigation when it had, as I am informed and believe, no present intention or authority to sue me, in violation of 15 USC 1692e, 1692e(2), and 1692(5) ;

    b. C&S' threat to sue, when it had no intention or authority to do so, created a false sense of urgency, in violation of 15 USC 1692e(10)

    c. Letter 3, sent within 30 days of Letter 1, confuses, obfuscates and overshadows the notice of the debtor's legal right to validation set forth in Letter 1, in violation of 15 USC § § 1892e, 1692e(10) and 1692g

## AS A THIRD CAUSE OF ACTION

*(Violation of the Fair Debt Collection Practice Act via design and sequence of the Letters)*

20. The Letters and C&S' other actions, taken as whole, demonstrate a calculated, well-designed plan by C&S to mislead or deceive consumers to pay demanded sums rather than invoke their rights to validate or contest alleged debts, in violation of 15 USC 1692e, 1692e(10), 1692g and 1692f

21. That such practice of deception continues every time C&S sends out Letter 1, Letter 2 and Letter 3 or something like them , them in such form, order and timing.

22. I have been damaged by this.

## AS A FOURTH CAUSE OF ACTION

*(Violation of New York State General Business Law §349)*

23. I repeat the allegations of the foregoing paragraphs .

24. Letter 2 offers to settle an alleged debt for less than the creditor says is owed.

25. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return.

26. In other words, the offer of a discount in Letter 2 has tax ramifications to the debtor.

27. Letter 2 deceives and seeks to mislead the consumer/debtor into accepting the attractive discounted amount without notifying him/her of the tax consequences of accepting the offer.

28. Without disclosing the tax consequences, Letter 2 is deceptive and misleading in a material way.

29. Such deception is, on information and belief, knowing and intentional.

30. Such deception continues every time C&S sends out Letter 2.

31. I, and others who have received and acted on letters like Letter 2 sent from C&S, have been damaged.

## AS A FIFTH CAUSE OF ACTION

*(Violation of New York State General Business Law § 349)*

32. I repeat the preceding allegations.

33. The Letters and C&S' other actions, taken as a whole, demonstrates a calculated, well-designed plan by C&S to mislead or deceive consumers in to paying demanded sums rather than invoke their validation rights, in violation of the FDCPA

34. That such practice of deception continues every time C&S sends out the Letters or something like them in such form, order and timing.

35. Such deception is, on information and belief, knowing and intentional

36. Such deception is material, and that plaintiff and others like him who have received such contact by C&S have been damaged thereby.

## JURY DEMAND

I ask for a trial by jury of all issues

**WHEREFORE**, I ask the Court for judgment:

a. declaring the actions of C&S in violation of the FDCPA and New York State General Business Law §349;

b. enjoining C&S from sending Letter 2 ( i.e., sending a letter offering a discount without notifying them of the tax ramifications of accepting the discount) to consumers within the jurisdiction of this Court and requiring them to make corrective disclosures, in furtherance of and in support of New York State General Business Law §349;

c. awarding me actual and statutory damages per 15 USC §1692k;

d. awarding me actual and statutory damages; per GBL §349;

e. awarding me costs and disbursements of this action, and reasonable attorney's fees as allowed by law; and

f. such other, further and different relief as the Court finds proper here.

DATED:   July 16, 2009

*s/ Anthony J Pietrafesa*

**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for Dennis Ellis*
117 Christopher Lane
Altamont NY 12009
518.218.0851
Fax: 518.514.1241
apietraf@nycap.rr.com

VERIFICATION

New York State    )

Albany County    ) ss:

Dennis Ellis, being duly worn, deposes that: I am the plaintiff in this action, I have read the complaint and the factual allegations contained in the complaint are true to my personal knowledge except for those alleged on information and belief, and as to those allegations I believe them to be true.

__s/ *Dennis Ellis* ____

Dennis Ellis.

Sworn to and Subscribed

Before me on  7/15/09

*s/ Anthony J Pietrafesa*

Anthony J. Pietrafesa-Notary Public
Qualified in Albany County 02PI6157974
My Commission expires 11/20/2010