UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DENNIS ELLIS** **Plaintiff** ~ versus~ **COHEN & SLAMOWITZ LLP** **Defendant** | **DECLARATION IN OPPOSITION** 1:09-CV-0810 ( GLS/RFT) |

ANTHONY J PIETRAFESA, per 28 USC § 1746, declares under the penalties of perjury that:

1. I am an attorney at law licensed to practice in the courts of New York State and this District. I represent Dennis Ellis. This declaration and the memorandum that comes with it opposes Defendant's FRCP § 12(b)(6) motion to dismiss Mr Ellis' complaint. It is based on my knowledge of the facts and circumstances herein, a review of the record, and conversations with the plaintiff.

2. Attached to this are:

    a. Ex A - Summons and Complaint;

    b. Ex B   Letter 1, dated January 12, 2009;[1]

    c. Ex C   Letter 2, dated January 29, 2009;

    d. Ex D-  Letter 3, dated January 29, 2009

    e. Ex E – 2008 Tax Table and Tax Rate Schedules [2]

---

[1] We refer to these communications as Letter 1, Letter 2 and Letter 3 in the complaint, so for ease of reference we so refer to them.

    f. Ex F – *Arroyo vs Solomon & Solomon*

    g. Ex G – *Fava vs RRI*

3. This action seeks to enforce the Fair Debt Collection Practices Act, 15 USC 1692 et seq) ("FDCPA") and New York State General Business Law 349.

4. It involves three letters sent by Cohen & Slamowitz LLP to Dennis Ellis within a 30 day period in January 2009 in its attempt to collect a debt from him.

5. Letter 1, contains a demand for payment and the notice required by 15 USC 1692g giving Mr Ellis 30 days to demand validation of the debt.

6. Letter 2, sent 17 days after Letter 1, asks for payment and offers a "…special opportunity to settle your account for pennies on the dollar" with a "Tax Time Savings" of 30%. Letter 2 gave a deadline that overlapped and exceeded the 30 day Notice of Letter 1.

7. Letter 3, also sent 17 days after Letter 1, says Target authorized Cohen & Slamowitz "to commence a lawsuit against you."

---

[2] We referred to the Internal Revenue Code in our complaint and ask the Court to take judicial notice thereof.

8. Mr. Ryan's exposition of Mr. Ellis' legal claims was well made, so we will merely summarize here.[3]

9. Essentially, we submit Letter 2 is deceptive and unfair in that:

    a. it encourages the debtor to take a discount ( labeled "savings" ) on the demanded amount without telling his such action has tax ramifications;

    b. By its dress and the overlapping deadline it provides, it overshadows the statutory notice provided to Mr. Ellis in Letter 1 and causes him confusion.

10. We submit Letter 3 is deceptive and unfair in that:

    a. It overshadows the statutory validation notice provided to Mr Ellis in Letter 1 and causes him confusion;
    b. Creates a false sense of urgency, and
    c. Intimates that Cohen & Slamowitz LLP will sue him when it had no authority from its client to do so and it had no intention of doing so.

11. We submit Letters 2 and 3, when taken together with Letter 1, are deceptive and unfair in that, by setting up a situation in which the debtor is encouraged to pay or

---

[3] See Ryan Declaration, ¶¶ 3-9.

be sued and discouraged from exercising the validation rights contained in Letter 1.

12. We believe, as argued here and set forth in our Memorandum of Law submitted herewith; the complaint states valid clams against this defendant.

### *Letter 2 is deceptive by failing to disclose the tax ramifications of the offer.*

13. As stated, we submit Letter 2 is deceptively attractive to the least sophisticated consumer when it offers a discount without telling the consumer that he will pay a tax on the discounted amount. Letter 2 trumpets a "Tax Time Savings," a boldfaced "savings **of 30% off**" which defendant qualifies as "pennies on the dollar." [4]

14. The "savings" are illusory. The discount, as it exceeds $600.00, becomes an amount the creditor must report to the IRS as discharged debt[5] which, in turn, the consumer must report on his return as gross income. [6]

15. In Dennis Ellis' case, the discount was $1924.61. Let's say he takes the discount and Mr Ellis' income was $50,000.00. [7] As a single, his tax would be $8850.00. (

---

[4] See Ex C ( Exhibit B to the Complaint)
[5] 26 USC 6050P; 26 CFR 1.6050P
[6] 26 USC 61(a)(12)
[7] For this argument, we assume gross and taxable income are the same. We used the 2008 tables as they the latest available,

See Ex E, p 74). Add $1924 to that and his tax would be $9325.00 or $475.00 more. So the full effect of the savings was not $1941, but something less.

16. The potential effect is more dramatic the greater the discount. And it could be devastating depending on your income. Say Dennis Ellis' taxable income was $32,550.00. He takes the discount, adding $1924.61 to his income. By so doing, he moves from the 15% tax bracket to the 25% tax bracket! [8]

17. The FDCA contemplates that debtors be protected from the nonfeasance of omission as well as malfeasance Because Cohen & Slamowitz does not disclose the tax ramifications of taking its "Tax Season Special Discount," the full effect is lost upon the consumer until after the fact, when it is too late.. If Mr. Ellis If the consumer is told of the tax consequences at the time the offer is made he can better gauge the offer or ask for further concessions so that the whole bite – debt and tax- is more palatable.

18. As we further explain in our Memorandum of Law, courts have sustained claims in circumstances in which the collector does not disclose or explain the law.

***Request for discovery in the event of a conversion to summary judgment***

---

[8] See Tax Rate Schedule on the last page of Ex E

19. Although defendant's motion attacks the complaint, it submitted an affidavit by Leandre John, Esq, to attack that portion of plaintiff's Third Cause of Action[9] that alleges Letter 3 was deceptive as Cohen & Slamowitz LLP had no authority or intention to sue Dennis Ellis. [10]

20. Should the Court accept Mr John's affidavit and decide to convert that part of defendant's motion to a motion for summary judgment, please treat this Declaration as a submission under FRCP 12(d) and 56(f) and give the plaintiff 1) time to present extrinsic evidence and 2) conduct discovery on the issue of Cohen & Slamowitz' intention and authority to sue.

21. Mr John says Target National Bank gave it authority to sue Dennis Ellis, but he presents no proof of that. He speaks of his company's policies regarding debtors without disclosing their content.[11]

22. Mr Ellis also has a letter, received after the Letters complained of here, which says Target no longer owned the alleged debt.

23. Discovery would be necessary to probe his self-serving assertions. We suspect we would use a discovery demand and the deposition of Mr John and/or a person most knowledgeable of Cohen & Slamowitz' litigation protocols.

---

[9] See ¶ 19(a) and (b) of the Complaint
[10] See Ex F to Ryan Declaration
[11] See ¶ 6,7, 8 of John Affidavit, Ex F to Ryan Declaration

24. Discovery from third party Target would be necessary to authenticate the letter and determine if Target owned the debt or not as of January 29, 2009.

25. We expect such discovery could be accomplished within 90 days.

WHEREFORE, I respectfully ask the Court for an order:

a) Denying the defendant's motion;

b) Alternatively, if the Court grants defendant's motion, doing so without prejudice to the plaintiff and grant him leave to amend his complaint;

c) Giving the plaintiff time for discovery and to present extrinsic evidence in the event the Court decides to convert any part of this 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment;

d) Granting such other, further and different relief as the Court finds just to the parties and proper here.

DATED: 9/28/2009

*S/ Anthony J Pietrafesa Esq*

**ANTHONY J PIETRAFESA ESQ ( 102368)**
*Attorney for Dennis Ellis*
117 Christopher Lane
Altamont NY 12009
518 218 0851
Fax 518 514 1241
ajp@ajp1law.com