UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS ELLIS

           Plaintiff,

vs.

COHEN & SLAMOWITZ, LLP

           Defendant.

---

1:09-CV-0810 (GLS/RFT)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C.
*Attorneys for Defendant, Cohen & Slamowitz, LLP*
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone No.: (315) 474-2911

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................i

PRELIMINARY STATEMENT.............................................................................1

ARGUMENT..........................................................................................................2

    I.    NEITHER THE FDCPA NOR NEW YORK GENERAL BUSINESS LAW § 349 REQUIRE A DEBT COLLECTOR TO EDUCATE DEBTORS ON TAX LAW ..............................................................................................................2

    II.    LETTERS SENT BY DEFENDANT DO NOT VIOLATE THE FDCPA OR GENERAL BUSINESS LAW § 349 ..............................................................................................................3

    III.    INFORMING A DEBTOR THAT A DEBT COLLECTOR HAS BEEN AUTHORIZED TO COMMENCE A LAWSUIT IS NOT A VIOLATION OF THE FDCPA ..............................................................................................................5

CONCLUSION.......................................................................................................5

# **TABLE OF AUTHORITIES**

### *Cases*

*Clomon v. Jackson*
    988 F.2d 134, 138 (2d Cir. 1993)..................................................................4

*Harrison v. NPD, Inc.*
    968 F.Supp. 837 (E.D.N.Y. 1997)................................................................2

*Jacobson v. Healthcare Financial Services, Inc.*
    516 F.3d 85 (2d Cir. 2008)............................................................................3

*Russell v. Equifax, A.R.S.*
    74 F.3d 30, 34 (2d Cir. 1996)........................................................................3

### *Acts*

Fair Debt Collection Practices Act ("FDCPA")...................................................1, 2, 3, 4

### *Rules*

Federal Rule of Civil Procedure 12(b)(6)........................................................1, 2, 4, 5

### *Statutes*

15 U.S.C. § 1692....................................................................................................1

New York State General Business Law § 349.................................................1, 2, 3, 4

### *Westlaw*

*Day v. Allied Interstate, Inc.*
    2009 WL 1139474 (E.D.N.Y. 2009)............................................................4

*Omogbeme v. Risk Management Alternatives, Inc.*
    2003 WL 21909773 (E.D.N.Y. 2003).......................................................4, 5

*Soffer v. Nationwide Recovery Systems, Inc.*
    2007 WL 1175073 (E.D.N.Y. 2007)............................................................4

*Weber v. Computer Credit, Inc.*
    2009 WL 1883046 (E.D.N.Y. 2009)............................................................3

## PRELIMINARY STATEMENT

Defendant, Cohen & Slamowitz, has brought this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as plaintiff has failed to state any claim upon which any relief can be granted. Plaintiff brings this action alleging violations of 15 U.S.C. § 1692 (the Fair Debt Collection Practices Act - "FDCPA"), and also New York State General Business Law § 349. Plaintiff's allegations are based on three letters received from defendant which are attached to the Attorney Declaration of Daniel R. Ryan, , as Exhibits "B", "C" and "D". It is plaintiff's position that the FDCPA and General Business Law § 349 require a debt collector to inform a debtor of the tax implications of an agreement to settle a debt for a discounted amount. Plaintiff also claims that Exhibits "B", "C" and "D" violate the FDCPA as they overshadow and confuse the "least sophisticated consumer" with regard to their validation rights under the FDCPA. Finally, plaintiff claims that the defendant violated the FDCPA by informing plaintiff that it had been "authorized" to commence a lawsuit when no such authorization existed.

Defendant has made three arguments:  <u>First</u>, there is no requirement under either the FDCPA or New York State General Business Law § 349 that a debt collector inform a debtor of potential tax consequences of accepting a discounted offer to settle a subject debt. <u>Second</u>, the timing and sequence of the three letters does not violate the FDCPA, does not overshadow the plaintiff's rights, and does not evidence a plan to deceive. Finally, the defendant did not violate the FDCPA by informing the plaintiff that it had been authorized to commence a lawsuit – defendant had in fact been authorized, and simply telling plaintiff that it had been authorized is in no way a violation of the FDCPA.

Plaintiff, through his counsel, has submitted opposition papers which attempt to persuade the Court that defendant's motion should be denied. However, a review of the plaintiff's

1

submissions reveals that plaintiff does not set forth any legitimate argument or fact which would allow this Court to do anything other than grant the defendant's motion. In short, plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Consequently, the Court should dismiss the Complaint pursuant to FRCP 12(b)(6). See, *Harrison v. NPD, Inc.*, 968 F.Supp. 837 (E.D.N.Y. 1997).

## ARGUMENT

### I. NEITHER THE FDCPA NOR NEW YORK GENERAL BUSINESS LAW § 349 REQUIRE A DEBT COLLECTOR TO EDUCATE DEBTORS ON TAX LAW

Plaintiff, through his counsel, appears to concede this point. Plaintiff has been unable to unearth any statutory language either in the FDCPA, New York State General Business Law, or in the Tax Code, to support his expansive view of the requirements of the FDCPA. Plaintiff has not uncovered any case law in support of this position.[1] It is respectfully submitted that plaintiff's argument, while creative, is an inappropriately expansive view of the FDCPA. Based upon the facts presented to the Court in this case, it cannot be argued, with any degree of credibility, that the FDCPA requires debt collectors to educate and advise debtors on the tax code. It is not the responsibility of debt collectors to teach and inform debtors about tax consequences - that is a responsibility that lies exclusively with the individual debtor.

It should be remembered that the purpose of the FDCPA was not only to protect the consumers from the practices of unscrupulous debt collectors, but was passed also to protect legitimate debt collectors. So long as a debt collector abides by the regulations set forth in the FDCPA, they should not be subject to illegitimate or improper accusations and lawsuits. Plaintiff and his counsel concede that there is no support for this position in the statutes or in the

---

[1] As noted in the original Memorandum of Law, counsel for the defendant has performed an extensive search of available Westlaw cases and no cases supporting plaintiff's position has been uncovered.

2

case law. This Court should not endorse an argument which subjects a debt collector to a greater burden than that which is already set forth in the FDCPA. The Court should dismiss this portion of the plaintiff's case without hesitation, in its entirety, and with prejudice.

## II. LETTERS SENT BY DEFENDANT DO NOT VIOLATE THE FDCPA OR GENERAL BUSINESS LAW § 349

Plaintiff's response does nothing to contradict or rebut the defendant's argument – that no violation of either the FDCPA or New York State General Business Law § 349 occurred in this case; and specifically, the sending of the letters at the time they were sent and in the sequence they were sent does not violate the FDCPA in either letter or spirit. Courts have recognized that debt collectors may send multiple letters, even within the thirty-day period, unless the consumer submits a Notice of Dispute. See, *Weber v. Computer Credit, Inc.*, 2009 WL 1883046 (E.D.N.Y. 2009). The letters sent to plaintiff are clear and unambiguous. They are not reasonably susceptible to an inaccurate reading, and that none of the information contained overshadows or contradicts language informing the consumer of his rights. See, *Russell v. Equifax, A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

While the least sophisticated consumer standard is a low standard, it is an *objective* standard nonetheless. It is insufficient for the plaintiff to simply allege that the communications confused him. That is not enough to state a claim. The communication must be objectively confusing, and in this case a reading of the defendant's letters reveals that they are clear and unambiguous. See, *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85 (2d Cir. 2008).

The Courts have recognized the dual purpose of the objective standard is to protect the gullible from the unscrupulous practices of shifty debt collectors, and also to protect legitimate debt collectors from unreasonable interpretations of their communications. *Jacobson*, at 90. The point here is that the standard is to be one of *reasonableness* and is not a standard which should

3

serve to aid plaintiffs whose claims are based on "bizarre or idiosyncratic interpretations of collection notices". *Id.*; *citing, Clomon v. Jackson*, 988 F.2d 134, 138 (2d Cir. 1993).

There is no question or argument in this case that the plaintiff did receive a proper validation notice in Letter 1. Subsequent correspondence did not demand immediate payment, but rather urged plaintiff to take advantage of settlement opportunities (Letter 2). Letter 3 did not overshadow or confuse the validation rights set forth in Letter 1 and did not demand immediate payment. Rather, it simply informed the plaintiff that the defendant, Cohen & Slamowitz, had been authorized to commence a lawsuit. It did not threaten the plaintiff. It did not inform the plaintiff that defendant intended to file a lawsuit. It merely informed the plaintiff that it had been authorized to do so. Such language does not violate the FDCPA.

Similar cases cited in the original Memorandum of Law in Support of Defendant's 12(b)(6) Motion support the defendant's position. A review of this case law should make clear that debt collectors may continue to communicate with debtors after the initial communication containing the validation is sent so long as there is no dispute notice properly received. Debt collectors may demand immediate payment and may also make offers to settle during that same period. Debt collectors may even threaten further action if immediate payment is not made. In light of the case law supporting all of these propositions, it is difficult to understand plaintiff's opposition to this motion. It is clear that the sequence of letters, the timing of letters, and the content of the letters did not violate the FDCPA, or General Business Law § 349. As a consequence, plaintiff's claims must be dismissed in their entirety and with prejudice. See, *Day v. Allied Interstate, Inc.*, 2009 WL 1139474 (E.D.N.Y. 2009); *Soffer v. Nationwide Recovery Systems, Inc.*, 2007 WL 1175073 (E.D.N.Y. 2007); and *Omogbeme v. Risk Management*

*Alternatives, Inc.*, 2003 WL 21909773 (E.D.N.Y. 2003).[2]

### III. INFORMING A DEBTOR THAT A DEBT COLLECTOR HAS BEEN AUTHORIZED TO COMMENCE A LAWSUIT IS NOT A VIOLATION OF THE FDCPA

Plaintiff makes no argument in contradiction of the defendant's point. Plaintiff merely requests the Court to conduct a evidentiary hearing or to convert the motion into a Motion for Summary Judgment and allow discovery to proceed. It is submitted that that is unnecessary. Plaintiff's allegation in this case is clear – he's claiming that the defendant was not authorized to commence a lawsuit. Defendant's response is simple – they were authorized. More importantly, case law supports debt collectors informing plaintiffs that they have been authorized to commence a lawsuit. Defendant did not threaten to commence the lawsuit, but simply informed the plaintiff that they had been authorized. They did not indicate that they intended to file a lawsuit or that they would file a lawsuit. In light of the argument made in the previous Memorandum of Law, it is respectfully submitted that this Court should dismiss this claim in its entirety and with prejudice.

### CONCLUSION

For all the reasons stated above and for all the reasons set forth in the previously submitted Memorandum of Law in Support of the Defendant's 12(b)(6) Motion, it is respectfully requested that the Court enter an Order dismissing plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED:      October 5, 2009.

---

[2] Copies of these cases were provided with the defendant's original Memorandum of Law.

SMITH, SOVIK, KENDRICK, AND SUGNET, P.C.

_____
Daniel R. Ryan, Esq. (513902)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
(315) 474-2911

TO: Anthony J. Pietrafesa, Esq.
  117 Christopher Lane
  Altamont, NY 12009
  ajp@ajp1law.com

6